BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>APPROXIMATELY $20,000.00 IN U.S. CURRENCY,<br><br>                Defendant. | 2:14-MC-00051-TLN-EFB<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On November 8, 2013, agents with the Drug Enforcement Administration ("DEA") contacted Daryl Best ("Best") at the Sacramento International Airport in Sacramento, California. Approximately $20,000.00 in U.S. Currency ("defendant currency") was seized from Best during this encounter.

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about January 15, 2014, the DEA received a claim from Best asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on or about November 8, 2013, agents with the DEA, acting on information received, approached Best after he had exited a plane arriving at the Sacramento International Airport from Columbus, Ohio.  The agents introduced themselves as law enforcement and asked to speak to Best.  When asked the purpose of his

1

Consent Judgment of Forfeiture

trip, Best responded that he was here to visit friends and to introduce his travel companion to snowboarding. Best told the agents that he was going to stay in Sacramento until the following Monday. Agents then asked Best if he was in possession of any illegal narcotics or weapons. Best responded that he was not. Agents then asked Best if they could search his bags. Best said that he was not carrying anything illegal and was hesitant to agree to the search of his bags, but reluctantly agreed to the search. An agent searched Best's backpack and located two white bank envelopes containing $50 and $100 bills. Agents asked Best how much money was inside the envelopes. Best was hesitant to answer. Best told the agents it was "spending money". At that time, agents asked Best to accompany them to a separate office in the airport to discuss the money.

4. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

5. Without admitting the truth of the factual assertions contained in this stipulation, Daryl Best specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Daryl Best agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Daryl Best hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Daryl Best shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and

between the parties.

10. Upon entry of the Consent Judgment of Forfeiture, $8,000.00 of the Approximately $20,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $12,000.00 of the Approximately $20,000.00 in U.S. Currency shall be returned to potential claimant Daryl Best through her attorney Erica C. Mirabella.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Daryl Best waives the provisions of California Civil Code § 1542.

13. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

14. All parties will bear their own costs and attorney's fees.

15. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: August 12, 2014

_____
Troy L. Nunley
United States District Judge

Consent Judgment of Forfeiture